UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06975-RGK-BFM | Date | October 5, 2023 |
|---|---|---|---|
| Title | *Emilio Antonio et al v. General Motors LLC et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER Re: Plaintiffs' Motion to Remand Case to Los Angeles Superior Court [DE 15]

## I. INTRODUCTION

On July 24, 2023, Emilio Antonio and Zayra Santiago (collectively, "Plaintiffs") filed suit against General Motors LLC ("Defendant") in Los Angeles County Superior Court. Plaintiffs' allegations arise from their agreement ("Agreement") to lease a vehicle manufactured by Defendant. Plaintiffs assert several state law claims, including violations of California's Song-Beverly Consumer Warranty Act ("SBA") Cal Civ. Code §§ 1790, *et seq*. On August 23, 2023, Defendant removed the action to this Court on the basis of diversity jurisdiction. Presently before the Court is Plaintiffs' Motion to remand the action to state court. For the following reasons, the Court **GRANTS** the Motion.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, a defendant removing the case to federal court bears the burden of proving that the requirements for diversity jurisdiction have been met by a preponderance of the evidence. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiffs do not meaningfully dispute the citizenship of the parties or the amount in controversy. Instead, Plaintiffs argue that the Court should remand this case because Defendant has failed to produce admissible evidence of subject matter jurisdiction.[1] This argument appears procedural in nature. But despite Plaintiffs' failure to raise substantive arguments, the Court determines that Defendant has failed to establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

---

[1] Plaintiffs object to the evidence Defendant submits in its Opposition. (ECF No. 24.) Because it grants Plaintiffs' Motion, the Court **OVERRULES** Plaintiffs' Objection as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06975-RGK-BFM | Date | October 5, 2023 |
|---|---|---|---|
| Title | *Emilio Antonio et al v. General Motors LLC et al* | | |

Defendant contends the amount in controversy exceeds $75,000 by aggregating (1) Plaintiffs' damages under the Agreement; (2) civil penalties; (3) punitive damages; and (4) attorneys' fees. Regarding Plaintiffs' damages under the Agreement, Plaintiffs paid $9,250 upon signing the Agreement, in which they agreed to subsequently pay thirty-five monthly payments of $375. (Strotz Decl., Ex. A, ECF No. 29-2.) Assuming Plaintiffs remained current on all payments, Plaintiffs had made approximately thirty payments when they filed their suit on July 24, 2023, for a total of $11,250 in monthly payments. The Court combines Plaintiffs' monthly payments with the $9,250 paid upon signing for a total of $20,500 expended under the Agreement at the time the suit was filed. In an award of damages under the SBA, the total amount expended would be reduced for Plaintiffs' usage. Cal. Civ. Code § 1793.2(d)(1). Therefore, Plaintiffs' damages are currently unspecified, but are certainly less than $20,500.

Regarding civil penalties, a plaintiff may recover "a civil penalty which shall not exceed two times the amount of actual damages" from a defendant who willfully fails to comply with the SBA. Cal Civ. Code § 1794(c). Plaintiffs allege that Defendant's breach of the warranty was willful and request the maximum civil penalty. (Compl. ¶¶ 44–45, 120.) The Court declines to include these civil penalties in the amount in controversy calculation for two reasons. First, as described above, it is unclear what Plaintiffs' damages are, and therefore, the Court cannot calculate the maximum civil penalty. Second, absent evidence, courts are not obligated to assume that civil penalties will be awarded. *Diaz v. Gen. Motors, LLC*, 2023 WL 6276574, at *2 (C.D. Cal. Sept. 25, 2023). Because Defendant has not demonstrated that Plaintiffs will likely be awarded a civil penalty, the Court will not include civil penalties as part of the amount in controversy. The Court similarly declines to include punitive damages as part of the amount in controversy, as "the bare fact that [a plaintiff] has requested punitive damages cannot serve as a basis for satisfying the amount in controversy." *Sevilla v. Life Care Ctrs. of Am., Inc.*, 2015 WL 7013112, at *3 (C.D. Cal. Nov. 12, 2015).

Finally, the Court declines to include attorneys' fees in the amount in controversy. This Court, like others in this district, considers prospective attorneys' fees too speculative to include in the amount in controversy. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018) (reasoning that "[a] district court may reject [a] defendant's attempts to include future attorneys' fees in the amount in controversy" if the defendant fails to demonstrate the likelihood of these fees by a preponderance of the evidence); *see also Buster v. Ford Motor Co.*, 2023 WL 6296895 (C.D. Cal. Sept. 27, 2023).

In summary, Defendant has failed to demonstrate that the amount in controversy is greater than $75,000. The Court therefore lacks subject matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06975-RGK-BFM | Date | October 5, 2023 |
|---|---|---|---|
| Title | *Emilio Antonio et al v. General Motors LLC et al* | | |

### III.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion and **remands** the action to state court for all further proceedings.

**IT IS SO ORDERED.**

**cc: Los Angeles County Superior Court, 23AHCV01678**

|   | : |   |
|---|---|---|
| Initials of Preparer | | JRE/ak |